INTERNATIONAL ASSOCIATES, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. CHAMP HATS, INC., A CORPORATION OF THE STATE OF PENNSYLVANIA, DEFENDANT.

Essex County Court
Law Division

Decided March 14, 1952.

*Mr. Simon J. Griffinger,* attorney for plaintiff.

*Messrs. Kessler & Kessler,* attorneys for defendant (*Mr. Samuel I. Kessler* appearing).

COLIE, J. S. C.  International Associates filed a complaint against Champ Hats, Inc., setting up that it is the assignee of Armand Katz Co., Inc., and that the defendant owes $5,500 for goods sold by Armand Katz Co., Inc., to the defendant between February 13 and 16, 1951; that plaintiff has demanded that defendant pay the indebtedness and accept delivery of the goods and that defendant refuses.  Voluminous depositions were taken and are before the court on this motion.

Defendant's motion to dismiss the complaint is predicated upon the assertion that there is no genuine issue of fact and that the plaintiff's action is unenforceable by reason of the statute of frauds.  The depositions disclose the following state of facts:  Armand Katz Co., Inc., offered a quantity of rabbit skins to Short, one of the principals of the plaintiff corporation.  Short, on February 13, 1951, offered the skins to Salesky, the president of the defendant corporation, and Salesky, a few days later, advised Short to purchase the skins for Champ Hats.  Within a short time thereafter, Armand Katz Co., Inc., sent a contract covering the purchase to Champ Hats, which was not signed.  The depositions disclose, and it must be accepted as fact, that Salesky requested Short to resell the skins on behalf of the defendant, which skins are the subject matter of this suit.

The plaintiff's contention is that Champ Hats, Inc., became the owner of the merchandise in February and evidenced the ownership by commissioning Short in March to sell the skins for the benefit of the defendant.

The applicable section of the statute of frauds, *R. S.* 46:30–10, provides, in essence, that a contract to sell or sale of goods of $500 value or upwards is unenforceable unless (1) the buyer accepts part of the goods; (2) gives something in earnest, or (3) unless a note or memorandum in writing of the contract of sale is signed by the party to be charged. Referring to (1), the statute reads specifically: "The buyer shall accept part of the goods * * *, and actually receive the same, * * *." The articles intended to be covered by this sale were actually in existence. None of the rabbit skins was received by the defendant, Champ Hats, Inc. The plaintiff seeks to escape the effect of the statute, alleging that when Salesky authorized Short to resell the skins for the account of Champ Hats, Inc., that act constituted an acceptance of the merchandise. Accepting as a fact that Salesky authorized Short to resell the goods, nevertheless it is not enough to take the situation out of the statute. A well-recognized test frequently applied is whether the seller has waived his right to retain possession of the goods until they are paid for. In the instant case, the record is undisputed that in February, 1951, when the skins were sold to the defendant, they were actually in Scotland. In light of this fact, it is apparent that the goods never passed out of the control of the vendor and into the control of the vendee. That this is so is reinforced by the fact that on February 19, the plaintiff, writing to its assignor, Armand Katz Co., Inc., stated that it had instructed a letter of credit to be opened for payment to be made and the further fact that neither a letter of credit was opened nor payment made.

The instant case is controlled by *Mechanical Boiler Cleaner Co. v. Kellner*, 62 *N. J. L.* 544 (*Sup. Ct.* 1898).

There being no evidence of acceptance and receipt, the defendant's motion for summary judgment will be granted.